UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO YANG, | ) |
| | ) CASE NO. C13-1565-RSM-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) RE: SOCIAL SECURITY DISABILITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) APPEAL |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Bao Yang proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1966.[1] She is a native of Laos and did not attend school,

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

with the exception of ESL classes in the United States. (AR 45.)  She has past relevant work as a sewing machine operator and poultry eviscerator.

Plaintiff filed an application for DIB on June 12, 2010 and protectively for SSI benefits on March 7, 2011, alleging disability beginning November 17, 2008.  She is insured for DIB through December 31, 2013.  Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On December 19, 2011, ALJ Larry Kennedy held a hearing, taking testimony from plaintiff and a vocational expert. (AR 28-67.)  On February 8, 2012 the ALJ issued a decision finding plaintiff not disabled from April 1, 1999 through the present. (AR 12-22.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on July 9, 2013 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 31, 2013.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's depression, anxiety and post-traumatic stress disorder severe.  Step three

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels but with nonexertional limitations. Plaintiff could perform simple, repetitive tasks and follow short, simple instructions, doing work that needs little or no judgment and the performance of simple duties that can be learned on the job in a short period. She has average ability to perform sustained work activities (i.e., can maintain attention and concentration, persistence, and pace) in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) within customary tolerances of employers rules regarding sick leave and absence. She may have occasional interactions of a superficial nature with co-workers and supervisors and could work in close proximity to co-workers but not in a cooperative or team effort. Plaintiff can deal with occasional work setting changes. Plaintiff cannot deal with the general public, as in a sales position or where the general public is frequently encountered as an essential element of the work process, but incidental contact of a superficial nature with the general public is not precluded. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a poultry eviscerator.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding

plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to properly consider the impact of her right upper extremity impairment on her ability to perform her past relevant work as a poultry eviscerator.[2] She also argues the ALJ's consideration of the opinion of examining psychologist Aaron Russell, Psy.D. was not legally sufficient. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Impact of Carpal Tunnel Syndrome on Ability to Perform Past Relevant Work</u>

Plaintiff argues the ALJ erred by failing to take into account the effect of her carpal tunnel syndrome (CTS) on her RFC. As a result, plaintiff argues, her ability to perform her past relevant work as a poultry eviscerator is called into question.

While the ALJ acknowledged that Dr. Amirhesam Ehsan diagnosed mild right CTS

---

[2] In her Opening Brief, plaintiff also argued the ALJ erred in finding her able to perform her past relevant work as a sewing machine operator, but her Reply Brief acknowledges that the ALJ did not find her capable of performing this work. (Dkt. 16 at 3; Dkt. 18 at 2.)

REPORT AND RECOMMENDATION
PAGE -4

based on electrodiagnostic studies, the ALJ found the condition non-severe, and assessed no specific limitations in plaintiff's physical functional capacity based on this condition. Plaintiff argues that, regardless of the characterization of her CTS as severe or non-severe,[3] the ALJ was obligated to include any limiting effects from that condition in assessing her RFC. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p (limiting effects of all impairments, even those that are not severe, "will" be considered in determining a claimant's RFC).

The ALJ found plaintiff capable of performing her past relevant work as a poultry eviscerator. (AR 21, 56.) While this job is listed at the "light" exertional level, it is categorized as "repetitive" work, requiring "significant" handling and "medium" level manual dexterity, with "constant" reaching and handling and "occasional" fingering. Dictionary of Occupational Titles (DOT), 525.687-074, and Selected Characteristics of Occupations Defined in the DOT; 1991 WL 674456.

Plaintiff was diagnosed with mild right carpal tunnel syndrome in 2011 after reporting right hand and wrist pain for one year. (AR 393.) She testified she left the poultry eviscerator job because the scissors were too big for her hand and because her hands hurt. (AR 47.) She described continuing problems with her right hand, including loss of strength and tingling. (AR 48.) While the ALJ found plaintiff's symptomatic testimony not fully credible (AR 18), he did not specifically reject her testimony about her problems with her right hand. Nor was the vocational expert asked to opine on plaintiff's ability to perform the job of poultry eviscerator with right upper extremity problems.

---

[3] An impairment or combination of impairments is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ § 404.1521, 416.921.

The Court finds it necessary to remand this matter to allow the ALJ to reevaluate plaintiff's right upper extremity complaints and her ability to perform her past relevant work in light of that reconsideration. It seems likely the ALJ will need to obtain clarification from plaintiff's medical providers about the status of her CTS and any related limitations in her functional capacity.

<u>Opinion of Dr. Russell</u>

Plaintiff also assigns error to the ALJ's consideration of the opinion of consulting examiner Aaron Russell, Psy.D. (AR 281-85.) Dr. Russell assessed a number of functional limitations related to plaintiff's ability to sustain an ordinary routine, to interact with coworkers and the public, to understand, remember and carry out instructions, and to maintain attention and concentration. (*Id.*) The ALJ discounted these limitations as caused by a language or cultural barrier between plaintiff and the examiner. (AR 20.) The ALJ also referenced the finding that plaintiff's self-reports of her activities were less than credible, finding Dr. Russell's opinions inconsistent with those self-reported activities. (*Id.*)

The ALJ's consideration of Dr. Russell's opinions is not supported by substantial evidence. Plaintiff was assisted by a qualified interpreter at Dr. Russell's examination. (AR 281.) While Dr. Russell noted the impact of a language barrier on plaintiff's ability to interact with coworkers and the public, he also referenced psychological problems as another source of these limitations. There is no indication that language or cultural factors played any role in plaintiff's ability to remember instructions or maintain attention or concentration. While plaintiff's fund of knowledge may have been affected by cultural context, the test of her abstract thinking ability utilized typically familiar Laotian proverbs. (AR 283.) The ALJ should

REPORT AND RECOMMENDATION
PAGE -6

re-evaluate Dr. Russell's opinions on remand.

## Remand

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77.

In this case, the Court finds remand for further proceedings to be the appropriate remedy in light of the necessity to enhance the record. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (remanding for further proceedings to allow the vocational expert to address limitations set forth in the improperly discredited medical opinion evidence).

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further proceedings.

DATED this 8th day of April, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge